■ In the Matter of CYNTHIA A.W., Respondent, v BRANDI W., Appellant. [851 NYS2d 329]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered September 15, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner custody of the child.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Jefferson County, for a hearing in accordance with the memorandum, and

It is further ordered that, pending a new determination, petitioner shall retain legal and physical custody of the child.

Memorandum: Respondent mother appeals from an order awarding petitioner grandmother custody of the mother's child, with visitation to the mother. We agree with the mother that Family Court erred in granting custody of the child to a nonparent without determining whether extraordinary circumstances existed and, if so, whether it was in the best interests of the child to be placed in the custody of the grandmother (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). The record does not support the grandmother's contention that the order on appeal was entered on the stipulation of the parties. Indeed, there is no indication in the record before us that the mother agreed to the placement of the child with the grandmother. We therefore reverse the order and remit the matter to Family Court for a hearing to determine whether extraordinary circumstances exist to deprive the mother of her superior right to custody and, if so, whether continued custody with the grandmother is in the child's best interests. Pending a new determination, the grandmother shall retain legal and physical custody of the child. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.